IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 20-cv-02183-RM

ZURICH AMERICAN INSURANCE CO., as
subrogee of H. PLAZA, LLC

    Plaintiff,

v.

DILLON COMPANIES, LLC, dba
KING SOOPERS,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* upon finding an issue is raised as to this court's subject matter jurisdiction. Defendant removed this action from the El Paso Combined Courts based on diversity jurisdiction, 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of citizenship between the parties. Here, to show removal is proper, Defendant alleges that:

(1) "Plaintiff indicates that it is a New York corporation with its principal place of business in Illinois…. For diversity purposes, Plaintiff is therefore a citizen of the State of Illinois." (ECF No. 1, p. 2.)

(2) "Defendant is a limited liability corporation and its principal place of business is located in Kansas." "'The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."' "As Defendant is incorporated by the State of Kansas and has its principal place of business there, it is deemed to be a citizen of Kansas." (ECF No. 1, p. 2.)

None of these allegations are sufficient to show diversity jurisdiction exists.

First, if Plaintiff (a corporation) is incorporated in New York and has its principal place of business in Illinois, it is a citizen of New York and Illinois. 28 U.S.C. § 1332(c)(1). Second, Defendant is an LLC, and "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (citations omitted). Accordingly, Defendant's allegations are insufficient to show diversity jurisdiction exists because the identity and citizenship of Defendant's members have not been shown. Defendant's corporate disclosure does state "Dillon Companies, LLC., a Kansas corporation, is a wholly owned subsidiary of The Kroger Company, a publicly held corporation. The principal place of business of Dillon Companies, LLC, is Hutchinson, Kansas." (ECF No. 2.) Assuming this means The Kroger Company is the only member of Dillon Companies, LLC, this too is insufficient as The Kroger Company's state of incorporation and principal place of business are not disclosed. Accordingly it is

**ORDERED** that on or before **Tuesday, September 22, 2020**, Defendant shall **SHOW CAUSE** why this case should not be remanded from where it was removed due to this court's lack of subject matter jurisdiction.

DATED this 15th day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge